UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------X
THE NEW YORK DISTRICT COUNCIL OF
CARPENTERS PENSION FUND, NEW YORK CITY
DISTRICT COUNCIL OF CARPENTERS WELFARE
FUND, NEW YORK CITY DISTRICT COUNCIL OF
CARPENTERS VACATION FUND, NEW YORK CITY
DISTRICT COUNCIL OF CARPENTERS ANNUITY
FUND, NEW YORK CITY DISTRICT COUNCIL OF
CARPENTERS APPRENTICESHIP, JOURNEYMAN
RETRAINING, EDUCATIONAL AND INDUSTRY
FUND, NEW YORK CITY DISTRICT COUNCIL OF
CARPENTERS CHARITY FUND, NEW YORK CITY
AND VICINITY CARPENTERS LABOR-MANAGEMENT
CORPORATION and the DISTRICT COUNCIL FOR
NEW YORK CITY and VICINITY, UNITED
BROTHERHOOD OF CARPENTERS and JOINERS OF
AMERICA,

                  Plaintiffs,

   -against-


EAST PORT EXCAVATION & UTILITIES
CONTRACTORS, INC.
                 Defendant.
--------------------------------------------------------------------X

09 CV._____

**COMPLAINT**

Plaintiffs, by their attorneys, O'DWYER & BERNSTIEN, LLP complaining

of the defendant, allege the following:

    1.    This is an action arising under the Employee Retirement Income

Security Act of 1974 ("ERISA"), 29 U.S.C. Section 1001, et seq., and the Labor

Management Relations Action of 1947 ("LMRA"), 29 U.S.C. Section 152, et.

seq., to compel defendant East Port Excavating to submit to an audit of its

books and records for the purpose of assuring that it has complied with its

obligations to make full and complete contributions to Plaintiffs for employee fringe benefits, and to compel payment of sums found to be due and owing, in accordance with applicable law, collective bargaining agreement, and trust instruments.

## Jurisdiction

2.    Jurisdiction over this cause of action is conferred upon this Court by Sections 502(a)(3)(B)(ii), 502 (d)(1), 502(e), 502(f) and 502(g) of ERISA, 29 U.S.C. Sections 1132(a)(3)(B)(ii), (d)(1), (e), (f) and (g) and by Section 301(a) of the LMRA, 29 U.S.C. Section 185(a), and ancillary jurisdiction pursuant to 28 U.S.C. Section 1367.

## Venue

3.    The action is properly venued in this District in that plaintiffs are administered in this District.

## Parties

4.    Plaintiffs, The New York City District Council of Carpenters Pension Fund, New York City District Council of Carpenters Welfare Fund, New York City District Council of Carpenters Vacation Fund, New York City District Council of Carpenters Annuity Fund, New York City District Council of Carpenters Apprenticeship, Journeyman, Retraining, Educational and Industry Fund and the New York City District Council of Carpenters Charity Fund, are jointly administered employee benefit plans established under Section 302(c)(5) of the Taft-Hartley Act, 29 U.S.C. Section 186(c)(5).  Plaintiff New York

2

City and Vicinity Carpenters Labor-Management Corporation is a New York not for profit corporation. Plaintiff District Council for New York City and Vicinity, United Brotherhood of Carpenters and Joiners of America, is a labor organization within the meaning of Section 2(5) of the LMRA 29 U.S.C. Section 152(5). (Plaintiffs are collectively known as "the Funds").

5.    The Funds have their principal places of business at 395 Hudson Street, New York, New York 10014.

6.    Upon information and belief, defendant East Port Excavating is a New York Corporation with a principal place of business located at 393 Ely Avenue Bronx, New York 10466. Upon information and belief, defendant East Port Excavating is an employer in an industry affecting commerce within the meaning of ERISA, Sections 3(5), (11), (12), 29 U.S.C. Sections 1002(5), (11) and (12) and Sections 2 (2), (6) and (7) of the LMRA, 29 U.S.C. Sections 152(2), (6) and (7).

10.    At all relevant times herein, there was in force and effect an agreement titled "Project Labor Agreement Covering Specified Construction Work Under the Capital Improvement and Restructuring Programs (2005-2009)" by and between New York City School Construction Authority and the Building and Construction Trades Council of Greater New York and Vicinity (said agreement referred to herein as "the PLA").

11.    At all relevant times herein the District Council was a signatory to and participating labor organization in the PLA.

12.    That defendant East Port Excavating has executed one (or more) affidavits of Project Labor Agreement (s), which provide *inter alia*, that it agreed to be bound by the PLA to the extent it engaged in covered work as defined in the PLA.

13.    That by virtue of the foregoing, at all relevant times herein, defendant East Port Excavating was bound to the terms and conditions of the PLA.

14.    The PLA provides as follows in Article 11, Section 2, subdivision A: "The Contractors agree to pay promptly contributions on behalf of all employees covered by this Agreement to those established jointly trusteed employee benefit funds designated in Schedule A (in the appropriate Schedule A amount), provided that such benefits are required to be paid on public works under any applicable prevailing wage law."

15.    The PLA further provides in Article 11, Section 2, subdivision B: "The Contractor agrees to be bound by the written terms of the legally-established jointly trusteed Trust Agreements specifying the detailed basis on which payments are to be paid into, and benefits paid out of, such Trust Funds but only with regard to Program Work done under this Agreement and only for those employees to whom this Agreement requires such benefits payments."

16.    The Trust Agreements establishing each of the separate funds that comprise the Benefit Funds require the employer to make contributions to the Funds when due as required by the collective bargaining agreement (or PLA as

the case may be); make available to the Funds' counsel, auditors, or designees for inspection and copying such books and records as may be necessary to determine the amount of contributions due and owing to the Funds, and/or submit to an audit, in the sole discretion of the Trustees.

17.    The Trust Agreements establishing each of the separate funds that comprise the Benefit Funds further provide that the  failure of an employer to pay the contributions required under the Trust Agreement is a violation of the applicable collective bargaining agreement (or PLA as the case may be) and the Trust Agreement.

18.    Upon information and belief, from , defendant East Port Excavating., employed workers in covered employment for whom it was required to make contributions to the Funds.

19.    Upon information and belief, despite written demand therefore defendant East Port Excavating  has failed and/or refused to provide required reports of hours worked by its employees in covered employment to enable plaintiffs to determine the precise contribution amounts owed to the Fund in accordance with the PLA, Trust Agreements, and law.

20.    Upon information and belief, defendant East Port Excavating has failed and refused to remit fringe benefit contributions, in an amount not less than $35,022.42 dollars to the Funds for all hours worked by its workers in covered employment to the Funds in accordance with the PLA, Trust Agreements, and law.

## AS AND FOR A CAUSE OF ACTION

21.    Plaintiffs repeat and reallege each and every allegation contained in paragraphs "1" to "20" of the complaint as if set forth in full hereat.

22.    By reason of the foregoing, defendants East Port Excavating are in violation of the PLA, Trust Agreements and applicable law.

23.    Plaintiffs are entitled to conduct an audit of defendant East Port Excavating books and records to determine the precise contribution amounts owed to the Funds in accordance with the PLA, Trust Agreements and law.

24.    Plaintiffs seek enforcement of these provisions pursuant to §502 of ERISA, 29 U.S.C. §1132 and LMRA, §301(a), 29 U.S.C., §185(a).

24.    Plaintiffs are entitled to judgment for past due contributions in the amount of $35,022.42, plus plaintiffs' reasonable attorney's fees, interest, liquidated damages, costs and expenses of this action as provided for under §502(g) of ERISA, 29 U.S.C. §1132(g).

WHEREFORE, plaintiffs demand judgment against the defendant East Port Excavating as follows:

(a)    compelling defendants to provide, or provide access to, books and records necessary and appropriate for the plaintiffs and/or their designated representatives a determination of all sums due and owing to the plaintiffs;

(b)    adjudging defendant in violation of the PLA, Trust Agreement, and law, and awarding judgment for the principal amount of $35,022.42

(c)    that the court maintain jurisdiction of this matter and granting

plaintiffs leave to apply for such additional judgments and/or orders as may be

necessary and proper and for contributions due and owing to the plaintiffs as

may be determined following its review of defendant's books and records;

(d)    awarding interest on the unpaid contributions at prime rate

(Citibank) plus 2%;

(e)    awarding liquidated damages in the amount of 20% per annum,

(f)    awarding attorney's fees, costs and expenses of this action;

(g)    such other and further relief as to this Court seems just and

proper.

Dated:      New York, New York
            October 23, 2009

                            Yours etc.,

                            O'DWYER & BERNSTIEN, LLP


                            _____
                            GARY ROTHMAN (GR 2785)
                            Attorney for Plaintiffs
                            52 Duane Street
                            New York, New York 10007
                            (212) 571-7100

H:labor/district council/benefit funds/sca-collections